# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

**LIBBELL COUNTS,**
*On behalf of herself and others similarly situated*,

 Plaintiffs,

v.  No. _____

**MATTHEW WALKER COMPREHENSIVE HEALTH CENTER, INC.,**
*a Tennessee Nonprofit Corporation,*  **FLSA Collective Action**
  **JURY DEMANDED**

Defendant.

## ORIGINAL COLLECTIVE ACTION COMPLAINT

Plaintiff Libbell Counts ("Plaintiff"), on behalf of herself, individually, and on behalf of others similarly situated, files this Collective Action Complaint, averring as follows:

### I. INTRODUCTION

1. This is a collective action for violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq*. ("FLSA") brought against Matthew Walker Comprehensive Health Center, Inc. ("Defendant") on behalf of Plaintiff, individually, and on behalf of other similarly situated hourly-paid non-exempt employees. Plaintiff and putative class members were employed by Defendant at its medical clinics during the three (3) years preceding the filing of this Complaint. Plaintiff and the class seek damages for unpaid overtime compensation. The unpaid overtime wage claims of Plaintiff and those similarly situated are unified by a common theory of Defendant's FLSA violations.

1

## II. JURISDICTION AND VENUE

2. This Court has original jurisdiction over this action under 29 U.S.C. §§ 201, *et seq.,* 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events and omissions giving rise to this claim occurred in this district, including many of the wrongs herein alleged. In particular, Plaintiff worked for Defendant in this District and was denied the wages she is owed in this District. Thus, Plaintiff was harmed in this District.

## III. PARTIES

4. Defendant Matthew Walker Comprehensive Health Center, Inc. is a Tennessee Nonprofit Corporation with its principal office address at 1035 14th Avenue N, Nashville, Tennessee 37208-3050. According to the Tennessee Secretary of State, Defendant may be served via its registered agent: Katina Beard, 1035 14th Avenue N, Nashville, Tennessee 37208-3050.

5. Plaintiff was employed by Defendants as an hourly-paid non-exempt medical assistant during the three (3) year period immediately preceding the filing of this Complaint. Specifically, Plaintiff was employed by Defendant as a medical assistant from February 2019 through April 2021. Plaintiff's hourly rate of pay was approximately $17.00. Plaintiff's Consent to Join this collective action is attached hereto as *Exhibit A*.

## IV. FACTUAL BASIS FOR SUIT

6. Defendant Matthew Walker Comprehensive Health Center, Inc. is a primary healthcare provider with clinics located in Nashville, Clarksville and Smyrna, Tennessee. Defendant also offers ancillary healthcare services such as a pharmacy, laboratory, imaging, behavioral therapy, social services and dental services.

7. Plaintiff and those similarly situated were employed by Defendant at its health care facilities as medical assistants during the three (3) year period preceding the filing of this action.

8. Plaintiff and those similarly situated typically worked forty (40) or more hours per week for Defendant during all times material to this action.

9. Defendant has been the "employer" of Plaintiff and similarly situated hourly-paid medical assistants within the meaning of 29 U.S.C, § 203(d) and § 203(r) at all times material to this action.

10. At all times material to this action, Plaintiff and those similarly situated have been Defendant's "employees" as defined by Section 203(e)(1) of the FLSA, and worked for Defendant within the territory of the United States within three (3) years preceding the filing of this collective action.

11. At all times material to this action, Defendant has been an enterprise engaged in commerce and production of goods for commerce as defined by Section 203(s)(1) of the FLSA.

12. Plaintiff and similarly situated hourly-paid employees also have engaged in commerce during the applicable statutory period.

13. At all times material to this action, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce as defined by Section 203 (s)(1) of the FLSA, with annual revenue in excess of $500,000.00.

14. Defendant has been responsible for the implementation and administration of its pay practices, including the decision not to pay Plaintiff and those similarly situated one-and one-half times their regular hourly rates of pay for all hours over forty (40) within weekly pay periods during all times material to this action.

15. Defendant had a time keeping system in which Plaintiff and those similarly situated were required to "clock-in" and "clock-out" for the purpose of recording their compensable time during the three (3) year period preceding the filing of this Complaint.

16. Plaintiff and those similarly situated have been subject to Defendant's aforementioned timekeeping and compensation plans, policies, and practice during all times relevant to this action.

17. Defendant had a common de facto policy, plan, and practice of not paying the FLSA mandated rate of overtime pay for all hours worked over forty (40) per week. Defendant failed to pay Plaintiff and those similarly situated one-and one-half times their regular hourly rates of pay for all overtime hours for all compensable work within weekly pay periods during all times material to this collective action.

18. Plaintiff and similarly situated hourly-paid employees have not received one and one-half times their regular hourly rates of pay for all hours worked over forty (40) within weekly pay periods during the three (3) year period preceding the filing of this collective action.

19. Specifically, Defendant's policy and practice was to "edit" or "shave" Plaintiff and similarly situated hourly-paid employees' time down to approximately 40 or 41 hours per week to eliminate or minimize overtime.

20. Plaintiff and putative class members regularly worked approximately 45 hours "on the clock" each week for Defendant.

21. Defendant, through its managers and/or agents, were aware Plaintiff and similarly situated hourly-paid employees were not receiving one and one-half times their regular hourly rates of pay for all hours worked over forty (40) within weekly pay periods during the three-year period preceding the filing of this action.

22. Plaintiff's time was routinely "shaved" or "edited" down to 40 or 41 hours in particular workweeks by the Nashville Clinical Manager, Pam Jones.

23. The aforementioned unpaid overtime claims of Plaintiff and those similarly situated are unified by a common theory of Defendant's FLSA violations.

24. Defendant willfully and, with reckless disregard to the FLSA's overtime compensation requirements, failed to compensate Plaintiff and similarly situated hourly-paid employees at one and one-half times their regular hourly rates of pay for all hour worked over forty (40) within weekly pay periods during all times material to this Complaint.

25. Defendant knew it was not compensating Plaintiff and those similarly situated at one and one-half times their regular hourly rates of pay for all hours worked over forty (40) within weekly pay periods during all times material to this Complaint, without a good faith basis for its failure.

26. As a result of Defendant's lack of good faith and willful failure to pay Plaintiff and those similarly situated in compliance with the overtime requirements of the FLSA, Plaintiff and class members have suffered lost wages in terms of lost overtime compensation as well as other damages.

27. The net effect of Defendant's common plan, policy, and practice of failing to pay Plaintiff and similarly situated hourly-paid employees one-and one-half times their regular hourly rates of pay for all hours worked over forty (40) within weekly pay periods, during all times material to this collective action, is that it unjustly enriched itself and enjoyed ill-gained profits at the expense of Plaintiff and class members.

### V.     FLSA COLLECTIVE ACTION ALLEGATIONS

28. Plaintiff brings this case as a collective action on behalf of herself and other similarly

situated individuals pursuant to 29 U.S.C. § 216(b) to recover unpaid overtime compensation, liquidated damages, statutory penalties, attorneys' fees and costs, and other damages owed.

29. The proposed collective class of similarly situated persons is defined as:

> All current and former medical assistants or equivalent position(s) employed by Defendant for at least one full week at any of its clinics in Middle Tennessee within during the three (3) years preceding the filing of this action ("Class Members").[1]

30. Plaintiff seeks to pursue her unpaid overtime wage claims against Defendant on behalf of herself, individually, and on behalf of all other similarly situated hourly-paid employees as a class.

31. Plaintiff and class members are "similarly situated" for purposes of 29 U.S.C. §216(b) because, *inter alia*, Defendant employed a common pay system that resulted in a failure to pay Plaintiff and class members for all hours worked over forty (40) per week at one and one-half times their regular hourly rates of pay, as required by the FLSA.

32. This action is properly maintained as a collective action because Plaintiff is similarly situated to the members of the collective class with respect to Defendant's pay and compensation policies and practices.

33. The collective action mechanism is superior to other available methods for a fair and efficient adjudication of this controversy. Defendant acted or refused to act on grounds generally applicable to class members. The prosecution of separate actions could create a risk of inconsistent and varying adjudications, place a substantial and unnecessary burden on the courts and/or substantially impair the ability of class members to protect their

---

[1] Plaintiff reserves the right to amend the Class Description upon the discovery of additional facts.

interests.

34. Plaintiff will fairly and adequately protect the interests of the class as her interests are in complete alignment with those of class members, i.e. to pursue their aforementioned unpaid overtime compensation claims.

35. Counsel for Plaintiff will adequately protect her interests as well as the interests of all putative class members.

36. Defendant knew Plaintiff and class members performed work in excess of forty (40) hours per week within weekly pay periods that required overtime compensation to be paid. Nonetheless, it operated under a common de facto policy and practice to deprive Plaintiff and class members of such overtime compensation.

37. Defendant's conduct, as alleged herein, was willful and has caused significant damage to Plaintiff and the collective class.

38. Defendant did not have a good faith basis for its failure to compensate Plaintiff and class members for all their compensable overtime hours at the FLSA applicable overtime rates of pay within weekly pay periods during all times material to this action.

39. Therefore, Defendant is liable to Plaintiff and class members under the FLSA for failing to properly compensate them for their aforementioned unpaid overtime hours within weekly pay periods during all times material.

40. Plaintiff requests this Court to authorize notice to the members of the collective class to inform them of the pendency of this action and their right to "opt-in" to this lawsuit pursuant to 29 U.S.C. § 216(b), for the purpose of seeking unpaid overtime compensation, as well as liquidated damages, under the FLSA, and the other relief requested herein.

41. Plaintiff estimates there are more than more than fifty (50) members in the collective class.

The precise number of collective class members can be easily ascertained by examining Defendant's payroll, scheduling, timekeeping, personnel and other work-related records and documents. Given the composition and size of the class, members of the collective class may be informed of the pendency of this action directly via U.S. mail, e-mail, and by posting notice at Defendant's clinics.

42. Plaintiff and class members' unpaid overtime compensation claims may be determined partially by an examination of Defendant's payroll, scheduling, time keeping, personnel and other such work-related records and documents.

## COUNT I
**(Violation of the Fair Labor Standards Act)**

43. Plaintiff incorporates by reference all preceding paragraphs as fully as if written herein.

44. At all relative times, Plaintiff and class members have been entitled to the rights, protections, and benefits provided under 29 U.S.C. § 201, *et seq*.

45. Defendant has been an "employer" engaged in interstate commerce consistent with 29 U.S.C. § 206(a) and 207(a). Plaintiff and class members also have engaged in interstate commerce during all times material to this action.

46. Defendant employed Plaintiff and each of the class members under the coverage of the FLSA, during all times relevant to this Complaint.

47. Plaintiff and other class members have been similarly situated individuals within the meaning of the FLSA, 29 U.S.C. § 216(b) at all relevant times, as previously described.

48. Defendant's common practice of working Plaintiff and class members over forty (40) hours per week within weekly pay periods without compensating them for all such overtime hours at one and one-half times their regular rates of pay during such weeks violated the FLSA.

49. Section 207(a)(1) of the FLSA states that an employee must be paid overtime, equal to at least one and one-half (1.5) times the employee's regular rate of pay, for all hours worked in excess of forty (40) hours per week. Pursuant to 29 C.F.R. § 778.315, compensation for hours worked in excess of forty (40) hours per week may not be considered paid to an employee unless that employee is compensated for all such overtime hours worked.

50. Through its actions, policies, practices, and plans, Defendant violated the FLSA by regularly and repeatedly failing to compensate Plaintiff and class members for all hours worked in excess of forty (40) per week at one and-one half times their regular hourly rates of pay within weekly pay periods during all times material to this Complaint, as required by the FLSA.

51. Defendant's actions were willful with reckless disregard to clearly applicable FLSA provisions.

52. Defendant's actions were not in good faith.

53. The unpaid overtime claims of Plaintiff and the class are unified by a common theory of Defendant's FLSA violations.

54. As a direct and proximate cause of Defendant's unlawful conduct, Plaintiff and similarly situated employees have suffered and will continue to suffer a loss of income and other damages.

55. Therefore, Defendant is liable to Plaintiff and other members of the class for actual damages, liquidated damages and equitable relief, pursuant to 29 U.S.C. § 216(b), as well as reasonable attorney's fees, costs and expenses.

# **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff and class members request the Court to enter judgment in their favor on this Complaint and:

(a) Award Plaintiff and similarly situated employees all unpaid overtime compensation against Defendant;

(b) Find and declare Defendant's violations of the FLSA were willful, and accordingly, the three (3) year statute of limitations under the FLSA applies to this action;

(c) Award Plaintiff and members of the collective class liquidated damages in accordance with the FLSA;

(d) Award prejudgment interest (to the extent that liquidated damages are not awarded);

(e) Award Plaintiff and the collective class reasonable attorneys' fees and all costs of this action, to be paid by Defendant, in accordance with the FLSA;

(f) Award post-judgment interest and court costs as allowed by law;

(g) Enter an Order designating this action as an opt-in collective action under the FLSA;

(h) Enter an Order directing the issuance of notice to putative class members pursuant to 29 U.S.C. § 216(b) for the claims of the class;

(i) Allow Plaintiff to amend her Complaint, if necessary, as new facts are discovered;

(j) Provide additional general and equitable relief to which Plaintiff and the class may be entitled; and

(k) Provide further relief as the Court deems just and equitable.

## JURY DEMAND

Plaintiff hereby demands a **TRIAL BY JURY** as to all issues.

Dated: January 14, 2022

Respectfully Submitted,

*/s/ J. Russ Bryant*
J. Russ Bryant (TN BPR #33830)
Robert E. Turner, IV (TN BPR #35364)
Robert E. Morelli, III (TN BPR #037004)
**JACKSON SHIELDS YEISER HOLT OWEN & BRYANT**
Attorneys at Law
262 German Oak Drive
Memphis, Tennessee 38018
Telephone: (901) 754-8001
Facsimile: (901) 754-8524
*rbryant@jsyc.com*
*rturner@jsyc.com*
*rmorelli@jsyc.com*

***ATTORNEYS FOR PLAINTIFF AND THE PUTATIVE CLASS***